Curia, per

Evans, J.
The only ground upon which we think it necessary to express an opinion, is the first ground for a nonsuit, which makes the question, whether, upon a lost note, an action at law will lie. In England, the subject of lost notes and bills has been very much discussed of late years, and it seems to be now pretty well settled, that if a lost note or bill be negotiable in its character, as if it be payable to bearer or be indorsed in blank, so that a tona fide holder can compel payment, the only remedy is in equity, upon a tender of sufficient indemnity. But in a late case, 13 Eng. Common Law Reports, 431, Best, Chief Justice said, “there is no decision in which a party has been held responsible in respect of an outstanding bill unindorsed;” and in Leigh’s Nisi Prius, 1 vol, 471, where all the cases on lost notes and bills are collected, it is said <!but if a bill or note, transferable by indorsement *196 only, be lost, without being indorsed, the loser may recover either on the instrument or on the consideration ; because, under such circumstances, the defendant could never be called on to pay.” In cases where the maker would be liable to one into whose hands the lost note or bill might come, a court of law will not entertain the action. The note, in this case, is a sealed note, which is not a negotiable instrument. It may be assigned, under the Act of 1798, but the assignee takes it subject to any bona fide defence which might be set up against the payee. In this case, so far as appears, the note was not assigned. If ever sued on again, it must be in the name of Whitesides, and this action would be an effectual bar. In some cases, this court has taken notice of the equitable rights of a bona fide holder of such a note, not assigned; but it has been only so far as to protect the holder against a fraudulent combination of the maker and the payee. So many actions at law have been brought in this State on lost notes, that it can hardly now be made a question, whether such an action will lie. There is much good sense in requiring the loser to go into equity, where there is danger of the defendants being made liable a second time, but no such danger exists in this case. The motion must be dismissed.
Richardson, O’Neall, Butler, and Wardlaw, JJ. concurred.